SC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Louis Rudisill,<br><br>                    Plaintiff,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>                    Defendants. | No.  CV 13-1149-TUC-CKJ<br><br><br>**ORDER** |

Plaintiff Stephen Louis Rudisill, who is confined in the Arizona State Prison Complex, Santa Rita Unit, in Tucson, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis.* (Doc. 1, 2.)  Plaintiff also filed a motion for appointment of counsel.  Subsequently, counsel appeared in the case on Plaintiff's behalf, although they have not sought leave to amend the Complaint.  (Doc. 8, 9, 12-14.)  The Court will order Defendants Ryan, Patton, Schroeder, and Lundberg to answer Count I of the Complaint and will deny the motion for appointment of counsel.

## I.      Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $10.93.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

TERMPSREF

separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less

TERMPSREF

- 2 -

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**III.    Complaint**

Plaintiff alleges one count for violation of his equal protection rights based on racial discrimination.  Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC):  Director Charles Ryan; Division Director Robert Patton; Tucson Complex Warden Therese Schroeder; and Tucson Complex Deputy Warden Daniel Lundberg.  Plaintiff seeks declaratory, injunctive, and compensatory relief.

Plaintiff alleges the following facts in his Complaint:  the Tucson Complex is comprised of eight units, including Manzanita Unit, where Plaintiff was confined at relevant times.  Plaintiff is a Black inmate.  He arrived at the Manzanita Unit on May 31, 2011 and remained there until his transfer to the Santa Rita Unit in late 2013.[1]  The Manzanita Unit holds approximately 500 inmates and contains six housing units plus a detention unit.  Plaintiff resided in Housing Unit 1-A, which had 12 "double bunkbeds" while Housing Unit 1-B had 12 "double bunkbeds" and 12 single beds for use by inmates with disabilities.  Plaintiff contends that all of the Defendants systematically segregated inmates held in Manzanita by race.  According to Plaintiff, Caucasian inmates were double-bunked only with other Caucasian inmates; Black inmates were only double-bunked with other Black inmates; Hispanic inmates were double-bunked only with other Hispanic inmates; and Native American inmates were only double-bunked with other Native American inmates.  Plaintiff alleges on information and belief that all of the other units in the Tucson Complex, as well as the other prison complexes, are similarly segregated.  Plaintiff further alleges that inmates are segregated by race in chow hall and recreation.  Plaintiff alleges that he raised this issue with each of the named Defendants

---

[1]  At the time he filed his Complaint, Plaintiff continued to live in the Manzanita Unit.  Plaintiff is now housed in the Santa Rita Unit of the Tucson Complex.

and each failed to act to address the segregation. Plaintiff seeks declaratory, injunctive, compensatory, and punitive relief.

Plaintiff sufficiently states a claim for violation of his equal protection rights. A response will be required by each Defendant.

### IV.  Motion for Appointment of Counsel

As noted above, Plaintiff filed a motion for appointment of counsel, but counsel has since appeared on his behalf. Accordingly, his motion will be denied as moot.

### V.  Warnings

### Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.93.

(3)  Defendants Ryan, Patton, Schroeder, and Lundberg must answer Count I.

(5)  The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Ryan, Patton, Schroeder, Lundberg.

(6)  Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

---

[1]If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of ADC unless the officer or employee works there.

TERMPSREF

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)    The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a)    personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

**TERMPSREF**

- 5 -

(10)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   Plaintiff's motion to appoint counsel is **denied**.  (Doc. 6.)

Dated this 22nd day of January, 2014.


_____
Cindy K. Jorgenson
United States District Judge